**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                              )<br>                    Respondent/Plaintiff,  )<br>        vs.                                                   )<br>                                                              )<br>NICHOLAS BICKLE,                              )<br>                                                              )<br>                    Petitioner/Defendant.   )<br>                                                              ) | Case No.: 2:10-cr-00565-GMN-PAL-1<br><br>**ORDER** |

Pending before the Court is Petitioner Nicholas Bickle's ("Petitioner's") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (ECF No. 343).

Also pending before the Court is the Government's Motion to Dismiss, (ECF No. 345), Petitioner's Motion.  Petitioner filed a Response, (ECF No. 347).  For the reasons discussed below, the Government's Motion is **GRANTED**, and Petitioner's Motion is **DISMISSED** without prejudice.

**I.      BACKGROUND**

On October 7, 2011, a jury found Petitioner guilty of Counts 1, 2, and 5–15 of the Third Superseding Indictment: (1) Conspiracy to Unlawfully Receive, Transport, Possess and Transfer Machineguns and Stolen Firearms, and to Deal in Firearms in Violation of 18 U.S.C. 922(a), (j) & (k) and 26 U.S.C. §§ 5861(d), (j), and (k), in violation of 18 U.S.C. § 371; (2) Dealing in Firearms Without a License; Aiding and Abetting, in violation of 18 U.S.C. §§ 922(a)(1)(A) and (2); (5)–(8) Unlawful Possession and Transfer of Machineguns; Aiding and Abetting, in violation of 18 U.S.C. §§ 922(o) and 2; (9)–(13) Unlawful Possession, Concealment, Sale and Disposition of Stolen Firearms; Aiding and Abetting, in violation of 18 U.S.C. §§ 922(j) and 2; (14) Receiving, Concealing and Retaining Property of the United States

Government, in violation of 18 U.S.C. § 641; and (15) Transportation by, and Distribution of Explosives, to a Non-Licensee, in violation of 18 U.S.C. § 842(a)(3). (Mins. Proceedings, ECF No. 191); (J., ECF No. 264). The Court sentenced Petitioner to 60-months custody each for Counts 1 and 2, to run concurrently; 120-months custody each for Counts 5–14, to run concurrently; and 90-months custody for Count 15, to run consecutively to the preceding counts, for a total of 210-months custody. (J., ECF No. 264).

On July 27, 2012, Defendant appealed his sentence to the Ninth Circuit Court of Appeals, (Notice Appeal, ECF No. 271), which the Ninth Circuit affirmed. (Mem. USCA, ECF No. 311). Defendant thereafter filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, (ECF No. 329). This Court denied that motion on January 13, 2016. (Order, ECF No. 337).

On June, 18 2020, Petitioner filed the present Motion, his second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, (ECF No. 343), based on the U.S. Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the U.S. Supreme Court held that to convict a defendant under 18 U.S.C. §§ 922(g) and 924(a)(2), "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id*. at 2200. In his Motion, Petitioner claims that *Rehaif* retroactively invalidates his "indictment and convictions due to the insufficient absence of essential elements of the crime charged." (Mot. Vacate 1:15–25, ECF No. 343).

On June 18, 2020, Petitioner also filed with the Ninth Circuit an application for leave to file a second or successive § 2255 petition. (Mot. Vacate 2:1–3, ECF No. 343). The Ninth Circuit elected to hold this application in abeyance pending their decision in *Tate v. United States*, No. 20-70785, because it presents a similar issue: whether a petitioner can file a successive motion under 28 U.S.C. § 2255(h) in light of the U.S. Supreme Court's ruling in

*Rehaif*. The Government now moves to dismiss Petitioner's Motion as an unauthorized successive § 2255 motion. (Mot. Dismiss 2:3–7, ECF No. 345).

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a Petitioner may file a motion requesting the Court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). "A petitioner is generally limited to one motion under § 2255, and may not bring a second or successive motion unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011) (quotations omitted). "This section provides that such a motion cannot be considered unless it has first been certified by the court of appeals to contain either '(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense,' or '(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Id.* (quoting § 2255(h)).

## III. DISCUSSION

In the present case, Petitioner's Motion is a successive § 2255 motion.[1] The Ninth Circuit has held that "[a] second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate authorizing the district court to do so." *Alaimalo v. United States*, 645 F.3d 1042, 1054 (9th Cir. 2011) (citing 28 U.S.C. § 2255(h)). A court of appeals may certify a successive § 2255 petition when "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). As such, Petitioner's successive § 2255 motion depends on the Ninth Circuit concluding that *Rehaif* announced a new rule of

---

[1] Petitioner filed his first § 2255 motion in 2015, (ECF No. 329), which the Court denied in 2016. (*See* Order, ECF No. 337). Therefore, the instant Motion, filed in 2020, is a successive motion.

constitutional law that may be applied retroactively to Petitioner's criminal case.  However, the Ninth Circuit recently held in *Tate* that "*Rehaif* announced a statutory, rather than constitutional, rule . . . . for purposes of filing a second or successive § 2255 motion." *Tate v. United States*, No. 20-70785, 2020 WL 7331896, at *2 (9th Cir. 2020).  In light of *Tate*, Petitioner's successive § 2255 motion cannot meet the "exacting standards" of 28 U.S.C. § 2255(h).  Accordingly, the Court grants the Government's Motion to Dismiss.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that the Government's Motion to Dismiss, (ECF No. 345), is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (ECF No. 343), is **DISMISSED without prejudice**.

**DATED** this __17___ day of December, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court